1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    GEORGE NIMER MARTHA,                    Case No. 18-cv-00785-SI

8              Petitioner,

9         v.                                 **ORDER OF DISMISSAL**

10   THE PEOPLE OF THE SATE OF
     CALIFORNIA, et al.,
11
               Respondent.
12

13         The court issued an order to show cause on March 26, 2018, directing petitioner to address

14   three apparent procedural problems with his petition for writ of habeas corpus challenging his

15   1994 conviction upon a guilty plea.  Petitioner thereafter sent to the court several letters which, for

16   the most part, provided no information responsive to the order to show cause.  *See* Docket Nos. 6,

17   7, 8; *see also* Docket No. 6 in *Martha v. People*, No. 18-780 SI.  Having provided petitioner an

18   opportunity to address the issues, the court now reviews the procedural problems in this case.

19         First, the court ordered petitioner to explain how he satisfied the custody requirement

20   under 28 U.S.C. § 2254, which requires both that there be a restraint on the petitioner's liberty and

21   that there be "a nexus between the petitioner's claim and the unlawful nature of the custody."

22   Docket No. 5 at 2 (quoting *Bailey v. Hill*, 599 F.3d 976, 979-80 (9th Cir. 2010).  Petitioner did not

23   provide any information in his three letters showing that there was any nexus between his claim

24   regarding the guilty plea and the allegedly unlawful nature of his present custody.  He does not

25   show that he satisfies the custody requirement in § 2254 for his petition challenging his 1994

26   guilty plea.

27         Second, the court ordered petitioner to explain why his "petition challenging a 24-year old

28   conviction should not be dismissed as barred by the [one-year] habeas statute of limitations.

United States District Court
Northern District of California

1    Docket No. 5 at 3. Petitioner stated in a letter that he had a "212-C waiver since 1998 with (INS)

2    – ICE, to which allows [him] to appeal at any giv[en] time," although that waiver was revoked last

3    year. Docket No. 6 in *Martha v. People*, No. 18-cv-780 SI. Even if petitioner had a § 212(c)

4    waiver,[1] such a waiver would concern his removability from the country and would not provide an

5    open-ended extension of the deadline to file an appeal or a habeas petition challenging a

6    conviction that might lead him to be removable. Any § 212(c) waiver would not excuse the two-

7    decade delay in filing a petition for writ of habeas corpus to challenge the 1994 conviction.

8    Petitioner has failed to show that his petition for writ of habeas corpus is not barred by the statute

9    of limitations in 28 U.S.C. § 2244(d).

10   Third, the court directed petitioner to state whether and when he presented his claim to the

11   California Supreme Court. Petitioner has failed to address this issue, and has failed to show that

12   he exhausted state court remedies for any claim.

13   In short, it appears that petitioner is not in custody on the conviction he is challenging, that

14   the petition is barred by the statute of limitations, and that petitioner has not exhausted state court

15   remedies for his claim. Because the lack of custody is a jurisdictional problem, that will be the

16   basis for the dismissal of this action.

17   Under 28 U.S.C. § 2254, a federal court may entertain a petition for a writ of habeas

18   corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the

19   ground that he is in custody in violation of the Constitution or laws or treaties of the United

20   States." A petitioner must be in custody on the conviction or sentence under attack at the time the

21   petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "A petitioner who files a habeas

22   petition after he has fully served his sentence and who is not subject to court supervision is not 'in

---

[1] Section 212 of the Immigration and Nationality Act of 1952, codified at 8 U.S.C. § 1182, "excluded from the United States several classes of aliens, including those convicted of offenses involving moral turpitude or the illicit traffic in narcotics." *INS v. St. Cyr*, 533 U.S. 289, 294 (2001). Section 212(c) "grant[ed] the Attorney General broad discretion to admit excludable aliens," and was interpreted to allow certain aliens to apply for discretionary waiver of deportation. *See St. Cyr*, 533 U.S. at 294-95. Although § 212(c) was repealed in 1996, relief under § 212(c) "remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *St. Cyr*, 533 U.S. at 326.

2

custody' for the purposes of this court's subject matter jurisdiction" and his petition therefore properly is denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

This action is DISMISSED for lack of jurisdiction because, at the time he filed his petition for writ of habeas corpus, petitioner was not in custody pursuant to the conviction he attacks in his petition. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: August 23, 2018

SUSAN ILLSTON
United States District Judge